IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LEROY AROCHA,** § | | |
| *Plaintiff*, § | | |
| § | | |
| § | | |
| **VS.** § | **CIVIL ACTION NO.** | **18-cv-01251** |
| § | | |
| § | | ***Jury*** |
| **MORNINGSIDE MINISTRIES** § | | |
| *Defendant*. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF LEROY AROCHA (hereinafter "PLAINTIFF"), by and through her undersigned attorney of record, and, in accordance with TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000 *et seq*., and the FEDERAL RULES OF CIVIL PROCEDURE, files this his *Original Complaint*, against the MORNINGSIDE MINISTRIES (hereinafter "DEFENDANT"). In support of the causes of action contained herein, PLAINTIFF would show unto the Court the following:

**I.
THE PARTIES**

1. PLAINTIFF LEROY AROCHA is a citizen of the United States and a Texas resident living in San Antonio, Texas.

2. DEFENDANT MORNINGSIDE MINISTRIES (hereinafter "DEFENDANT") is a organization providing services for senior living communities. PLAINTIFF will provide additional information regarding DEFENDANT in an amended complaint.

## II.
## JURISDICTION AND VENUE

4   PLAINTIFF LEROY AROCHA, on or about November 28 2016, timely filed a *Charge of Discrimination* against DEFENDANT with the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (hereinafter "EEOC"), charge number 451-2017-00501.  A copy of the *Charge of Discrimination* is annexed to *Plaintiff's Original Complaint* as Exhibit "P-1" and is incorporated by reference as if fully set forth herein.  PLAINTIFF LEROY AROCHA'S *Charge of Discrimination* alleged that he had discriminated against based on national origin.

5.   PLAINTIFF LEROY AROCHA, on or about August 27, 2018, received a *Dismissal and Notice of Rights* letter from the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION that indicated the following:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statues.  No finding is made as to any other issues that might be construed as having been raised by this charge.

A copy of this document is annexed to this *Original Complaint* as Exhibit "P-2" and incorporated by reference as if fully set forth herein.  PLAINTIFF, by filing a *Notice of Charge of Discrimination* and receiving her *Notice of Right to Sue Within 90 Days* letter, has complied with all conditions precedent and exhausted all administrative remedies prior to filing suit.  PLAINTIFF filed her *Original Complaint*, within ninety (90) days of receiving his *Notice of Right to Sue Within 90 Days* letter.

6.   PLAINTIFF asserts claims against DEFENDANTS for violations of his constitutional and civil rights as guaranteed by TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended.  This claim invokes the federal question jurisdiction conferred upon this Court by 28 U.S.C. § 1331.

7.   Because DEFENDANT'S actions, inactions, failure to comply with TITLE VII OF THE

Civil Rights Act of 1964, and threatened failure to comply with those laws, of which PLAINTIFFS complaint, all occurred, failed to occur, or threatened to occur in Bexar County, San Antonio, Texas, making venue in the San Antonio Division of the Western District of Texas under 28 U.S.C. §1391(b) appropriate.

### III.
### STATEMENT OF FACTS

8. PLAINTIFF generally asserts violations of Title VII of the Civil Rights Act of 1964 by DEFENDANTS premised upon discrimination based upon national origin. PLAINTIFF intends to provide a detailed statement outlining these violations in a *First Amended Original Complaint* to be filed prior to service of process upon DEFENDANTS.

### IV.

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 BY DEFENDANTS AGAINST PLAINTIFF LEROY AROCHA

9. PLAINTIFF restates, realleges, and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "9" inclusive herein, and, in addition avers that DEFENDANT'S actions constitute a violation of the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964.

10. Whenever PLAINTIFF pleads that DEFENDANTS engaged in any act of omission, PLAINTIFF also pleads that DEFENDANTS' officers, agents, servants, employees, or representatives engage in said act or omission in the course and scope of employment and with the full authorization or ratification of DEFENDANTS.

11. By and through this *Original Complaint*, PLAINTIFF pleads that he engaged in activity protected by Title VII of the Civil Rights Act of 1964, that he suffered an adverse employment action affected the terms and conditions of his employment, and that this adverse

employment action was directed against him because he engaged in protected activity.

12. PLAINTIFF pleads that DEFENDANT, its employees, agents, and representatives, possessed an immediate obligation and responsibility for preventing this type of behavior.

13. PLAINTIFF is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DEFENDANT'S retaliatory practices and unless and until this Court grants relief.

## V.
## DAMAGES

14. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT, and its agents, employees, and representatives, have caused PLAINTIFF grievous harm and damages. As a direct and proximate result of its violations of federal law, DEFENDANT has caused PLAINTIFF to suffer because of the continuation of the discriminatory conduct directed against him. PLAINTIFF is entitled to pecuniary damages to be determined at inquest.

15. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT has caused him to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, low self-esteem, humiliation, belittlement, and shame. PLAINTIFF will, in all likelihood and for the balance of his life, continue to suffer mental anguish. As such PLAINTIFF is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

16. By and through this *Original Complaint*, PLAINTIFF pleads that DEFENDANT violated PLAINTIFF's civil rights with malice or reckless indifference to his federally-protected rights. As such, PLAINTIFF is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

17. PLAINTIFF was forced to secure the undersigned counsel to protect their civil rights and, therefore, requests an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF LEROY AROCHA prays that, upon final trial on the merits, he recover judgment against DEFENDANT said judgment entitling PLAINTIFF to:

1. Compensation for all reasonable damages suffered by PLAINTIFF in an amount to be determined upon inquest;

2. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. All costs of court expended in this lawsuit;

5. Reasonable and necessary attorney's fees;

6. A mandatory injunction forbidding DEFENDANT from violating rights secured by TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;

7. Such other and further legal relief, either at law or equity, to which PLAINTIFF may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

    Respectfully submitted,

    THE LAW OFFICE OF VINCENT A. LAZARO

    By:   */s/ Vincent A. Lazaro*
    VINCENT A. LAZARO, ESQ.
    SBN: 00789440
    900 Vance Jackson
    San Antonio, Texas 78201
    Tel: 210-736-4227
    Fax: 210-737-1556
    vincent_lazaro@yahoo.com
    ATTORNEY FOR PLAINTIFF